UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSON DIVISION

| | | |
|---|---|---|
| **MICHAEL T. ASHCRAFT**, individually and on behalf of all others similarly situated, | § § § § | Docket No. 4:18-cv-1995 |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| **MUD MIXERS, LLC,** **Q'MAX SOLUTIONS, AND** **Q'MAX AMERICA, INC.** | § § § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendants. | § § | |

## ORIGINAL COMPLAINT

### I.   SUMMARY

1. Michael T. Ashcraft (Ashcraft) brings this lawsuit to recover unpaid overtime wages and other damages from Mud Mixers, LLC, Q'Max Solutions, and Q'Max America, Inc. (Q'Max) (collectively "Defendants") under the Fair Labor Standards Act (FLSA).

2. Ashcraft worked for Defendants as a Mud Engineer.[1]

3. Ashcraft and the other workers like them regularly worked for Defendants in excess of forty (40) hours each week.

4. But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Defendants improperly classified Ashcraft and those similarly situated workers as independent contractors and paid them a daily rate

---

[1] Mud Engineers are also sometimes referred to as Drilling Fluid Engineers. As used in this Complaint, the term "Mud Engineer" is intended to refer to both titles.

with no overtime compensation.

6. Defendants also never paid Ashcraft and those similarly situated workers a salary.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II. Jurisdiction and Venue

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

10. Q'Max's headquarters is located in this District and Division.

## III. The Parties

11. Ashcraft worked for Defendants as a Mud Engineer Consultant from approximately February 2016 until January 2018.

12. Throughout his employment with Defendants, Ashcraft was paid a day-rate with no overtime compensation and was classified as an independent contractor.

13. Ashcraft was also not paid a salary during his time working for Defendants.

14. The relationship between Ashcraft and Defendants rises to the level of an employee-employer relationship.

15. For example, Defendants dictated Ashcraft's rate of pay.

16. Ashcraft reported to Defendants who coordinated his work.

17. Information related to Ashcraft's pay rate is reflected in Defendants' pay documents.

18. Defendants set Ashcraft's schedule.

19. Defendants decided Ashcraft's work locations.

20. Defendants required Ashcraft to follow their policies and procedures.

2

21. Defendants prohibited Ashcraft from working for other employers while working for Defendants.

22. Defendants precluded Ashcraft from subcontracting out his work.

23. Ashcraft did not provide unique services indicative of a third-party contractor.

24. Ashcraft's consent to be a party plaintiff is attached as Exhibit A.

25. Ashcraft brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by Defendants' day-rate system. Defendants paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

26. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All workers employed by, or working on behalf of, Mud Mixers and/or Q'Max during the past 3 years who were classified as independent contractors and paid a day-rate (the "Day Rate Workers").**

27. Defendant **Mud Mixers, LLC**, is a Oklahoma corporation doing business throughout the United States, including Texas. Mud Mixers may be served by serving its registered agent for service of process, **Malcom Outlaw, 1301 S. Red Deer, Canadian, TX 79014**.

28. Defendants **Q'Max Solutions** and **Q'Max America, Inc.** are Delaware corporations, with global headquarters located in Houston, Texas. These Defendants may be served by serving their registered agents, **CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.**

29. Together, Defendants are joint employers of Ashcraft and the Day Rate Workers under the FLSA.

## IV. COVERAGE UNDER THE FLSA

30. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

31. At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

32. At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce by any person and in that Defendants have had and have an annual gross volume of sales made or business done of not less than $2,000,000 (exclusive of excise taxes at the retail level which are separately stated).

33. At all times hereinafter mentioned, Ashcraft and the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

34. As will be shown through this litigation, Defendants treated Ashcraft and the Day Rate Workers as employees and uniformly dictated the pay practices of Ashcraft and the Day Rate Workers.

35. Defendants misclassification of Ashcraft and the Day Rate Workers as independent contractors does not alter their status as employees for purposes of the FLSA.

## V. FACTS

36. Mud Mixers, LLC is a drilling fluids company. http://www.mudmixers.com/about-us/ (last visited on June 15, 2018).

37. The Q'Max Defendants are oil and natural gas exploration and production companies operating throughout the United States, including Texas.

4

38. Together Defendants operate as a single entity and are joint employers of Ashcraft and the Day Rate Workers.

39. To complete their business objectives, Defendants hire personnel to perform work as drilling fluid consultants or mud engineers.

40. Many of these individuals worked for Defendants on a day-rate basis, were misclassified as independent contractors, and make up the proposed class of Day Rate Workers. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

41. Defendants classified all its drilling fluid consultants as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

42. For example, Ashcraft worked for Defendants as a drilling fluids consultant from approximately February 2016 until January 2018. Throughout his employment with Defendants, he was classified as an independent contractor and paid on a day-rate basis.

43. Ashcraft and the Day Rate Workers worked for Defendants under this pay scheme.

44. Ashcraft and the Day Rate Workers did not receive a salary.

45. If Ashcraft and the Day Rate Workers did not work, they did not get paid.

46. Ashcraft and the Day Rate Workers received a day rate.

47. Ashcraft received a day rate of $900.00 for each approved day he worked for Defendants.

48. Ashcraft and the Day Rate Workers received the day rate regardless of the number of hours they worked in excess of 40 hours in a work week.

49. Ashcraft and the Day Rate Workers did not receive overtime pay.

50. Ashcraft and the Day Rate Workers are subjected to the same or similar pay practices.

51. Ashcraft and the Day Rate Workers worked overtime for Defendants.

52. Ashcraft and the Day Rate Workers often worked at least 12 hours a day, often 7 days a week.

53. Without the job performed by Ashcraft and the Day Rate Workers, Defendants would not be able to complete its business objectives.

54. Ashcraft and the Day Rate Workers relied on Defendants for work and compensation.

55. Ashcraft and the Day Rate Workers worked in accordance with the schedule set by Defendants.

56. Ashcraft and the Day Rate Workers were not permitted by Defendants to subcontract out the work they are assigned to do by Defendants.

57. Ashcraft and the Day Rate Workers must follow Defendants' policies and procedures.

58. Ashcraft and the Day Rate Workers' work must adhere to the quality standards put in place by Defendants.

59. Ashcraft and the Day Rate Workers did not substantially invest in the tools required to complete the overall job to which they were assigned.

60. Ashcraft and the Day Rate Workers did not possess any specialized or unique skill set.

61. Ashcraft and the Day Rate Workers did not market their services, while employed by Defendants.

62. Ashcraft and the Day Rate Workers worked exclusively for Defendants during the relevant time period.

63. Ashcraft and the Day Rate Workers did not incur operating expenses like rent, payroll, marketing, and insurance.

64. Defendants set Ashcraft and the Day Rate Workers' work schedule which prohibited

them from working other jobs for other companies while working on jobs for Defendants.

65. At all relevant time, Defendants maintained control, oversight, and direction of Ashcraft and the Day Rate Workers, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

66. Defendants know Ashcraft, and the other workers like him, worked more than 40 hours in a week.

67. Indeed, Defendants required Ashcraft and the Day Rate Workers to work substantial overtime without overtime compensation.

68. Defendants classified Ashcraft and the Day Rate Workers as exempt from the overtime requirements, as independent contractors.

69. Defendants know these workers are not exempt from the FLSA's overtime provisions.

70. Q'Max has been subject to other FLSA and state wage law related lawsuits.

71. Nonetheless, Defendants failed to pay Ashcraft and the other Day Rate Workers overtime for those hours exceeding 40 in a workweek.

72. Defendants are well aware of the overtime requirements of the FLSA.

73. Defendants knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

### VI.    FLSA VIOLATIONS

74. As set forth herein, Defendants have violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

75. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Day Rate Workers overtime compensation. Defendants failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

76. Accordingly, Ashcraft and the Day Rate Workers are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII. Jury Demand

77. Ashcraft demands a trial by jury.

## VIII. Relief Sought

WHEREFORE, Ashcraft prays for judgment against Defendants as follows:

a. An Order certifying a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated workers with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Ashcraft and the Day Rate Workers for liquidated damages equal in amount to their unpaid compensation;

c. For an Order appointing Ashcraft and his counsel as Class Counsel to represent the interests of the FLSA class;

d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    Michael A. Josephson
    Texas Bar No. 24014780
    Andrew W. Dunlap
    Texas Bar No. 24078444
    Richard M. Schreiber
    Texas Bar No. 24056278
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    rschreiber@mybackwages.com

    **AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**